IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | Criminal No. 15-12 J |
| | ) | |
| JOHN F. BOSLET | ) | |

INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Stephanie L. Haines, Assistant United States Attorney for said district, and submits this Indictment Memorandum to the Court:

I. THE INDICTMENT

A Federal Grand Jury returned a one-count Indictment against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Possession of material depicting the sexual exploitation of a minor, on or about August 8, 2013 | 18 U.S.C. § 2252(a)(4)(B) |

II. ELEMENTS OF THE OFFENSE

A. As to Count One: In order for the crime of possession of material depicting the sexual exploitation of a minor, in violation of Title 18, United States Code, Section 2252(a)(4)(B), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That on or about the date set forth in the Indictment, the defendant knowingly possessed one or more items which contained a visual depiction of a minor(s) engaging in sexually explicit conduct.

> United States v. Heller, 551 F.3d. 1108 (9th Cir. 2009); United States v. Tucker, 305 F.3d 1193 (10th Cir. 2002); United States v. Grimes, 244 F.3d 375 (5th Cir. 2001).

2. That the visual depiction or the item which contained the visual depiction had been mailed, transported or shipped in interstate or foreign commerce, or had been produced using materials which had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer.

> United States v. Chambers, 441 F.3d. 438 (6th Cir. 2006); United States v. Maxwell, 386 F.3d 1042, 1051-52 (11th Cir. 2004); United States v. Galo, 239 F.3d 572 (3d Cir. 2001); United States v. Lacy, 119 F.3d 742, 748-49 (9th Cir. 1997).

3. That the production of such visual depictions (images) involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in 18 U.S.C. § 2256, and such visual depiction is of such conduct.

> Ashcroft v. Free Speech Coalition, 535 U.S. 234 (2002); United States v. Irving, 452 F.3d 110 (2d Cir. 2006); United States v. Hilton, 386 F.3d 13 (1st Cir. 2004); United States v. Marchand, 308 F. Supp. 2d 498 (D.N.J. 2004).

4. That the defendant knew that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and portrayed a minor(s) engaging in that conduct.

> U.S. v. X-citement Video, 513 U.S. 64 (1994); United States v. Grimes, 244 F.3d 375 (5th Cir. 2001); United States v. Matthews, 209 F.3d 338 (2d Cir. 2000); United States v. Knox, 32 F.3d 733 (3d Cir. 1994).

### III. PENALTIES

A. As to Count One: Possession of material depicting the sexual exploitation of a minor, in violation of Title 18, United States Code, Section 2252(a)(4)(B).

1. Imprisonment of not more than ten (10) years, but if any image of child pornography involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age, the defendant shall be fined under this title and imprisoned for not more than twenty (20) years, or if the defendant has a prior conviction under Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117 or under Section 920 of Title 10, or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned not less than 10 years nor more than 20 years, 18 U.S.C. § 2252(b)(2).

      2. A fine of $250,000, 18 U.S.C. § 3571(b)(3).

      3. A term of supervised release of at least five (5) years, or life, 18 U.S.C. § 3583(k).

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100 must be imposed if the defendant is convicted, pursuant to 18 U.S.C. §3013, as the offense occurred after April 24, 1996.

### V. RESTITUTION

Restitution is mandatory pursuant to 18 U.S.C. §2259(a). However, there are currently no identifiable victims.

### VI. FORFEITURE

As set forth in the Indictment, forfeiture may be applicable in this case.

      Respectfully submitted,

      DAVID J. HICKTON
      United States Attorney

      */s/ Stephanie L. Haines*
      STEPHANIE L. HAINES
      Assistant U.S. Attorney
      WV 9249